KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-2757
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARIO OCHOA-LOPEZ, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | Criminal Case No. 08cr2030-L <br><br> **GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR:** <br> **(1) FINGERPRINT EXEMPLARS** <br> **(2) RECIPROCAL DISCOVERY** <br><br> **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:    July 7, 2008 <br> Time:    2:00 p.m. <br> Courtroom: 14 <br> The Honorable M. James Lorenz |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. This Motion is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

/ /

//

//

//

Criminal Case No. 08cr2030-L

**I**

**STATEMENT OF FACTS**

**A.     Defendant's Apprehension**

On April 25, 2008, at approximately 8:51 p.m., three occupants of a green 2000 Ford Explorer applied for admission to the United States from Mexico at the Otay Mesa Port of Entry vehicle primary lane nine. One of the individuals, Mario Ochoa-Lopez ("Defendant"), claimed to be a United States citizen by virtue of birth in Anaheim, California. He presented a California driver's license, but no proof of citizenship. When asked by Customs and Border Protection Officer R. Deocampo the purpose of the trip to Mexico, the driver, Jhustine Ochoa-Lopez, claimed she was taking Defendant to Tijuana, Mexico for cancer treatment.

A records check revealed that "Mario Ignacio Ochoa-Lopez" was the subject of an IBIS lookout. Initially, all three individuals in the car denied that Defendant had a middle name of "Ignacio." After being asked again, Defendant admitted that he was in fact "Mario Ignacio Ochoa-Lopez." All three individuals were escorted to the vehicle secondary lot. In the secondary inspection area, CBP Officer Alan Boutwell ran a fingerprint check which confirmed that Defendant was a previously deported alien with a criminal record.

**B.     Defendant's Criminal and Immigration Record**

On February 22, 2001, Defendant was convicted in the California Superior Court in Orange County of Assault to Commit Mayhem/Rape in violation of California Penal Code 220 and False Imprisonment in violation of California Penal Code 2365. He was sentenced to 9 years imprisonment. Previously, Defendant was convicted in December, 1996, of Second Degree Burglary in violation of California Penal Code Section 460(b) and sentenced to 270 days jail. He also has a prior conviction from June 9, 1995 for misdemeanor Possession of a Controlled Substance in violation of California Health and Safety Code Section 11377(a) and Inflicting Corporal Injury on a Spouse/Cohabitant in violation of California Penal Code Section 237.5(a).

Defendant had a hearing before Immigration Judge Jack W. Staton and was ordered removed on April 10, 2008. He was then removed from the United States to Mexico on April 10, 2008, two weeks before he attempted to enter the United States.

## II

## UNITED STATES' MOTIONS

### A. FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

### B. RECIPROCAL DISCOVERY

The Government has and will continue to fully comply with its discovery obligations. On May 6, 2008, in connection with a related case (08mj1301), the Government produced 45 pages of discovery to Defendant's first attorney, Kris Kraus, which included the reports from the Customs and Border Protection Officers, summaries of the statements made by Defendant, documentation regarding Defendant's criminal history and summaries of statements made by his sister. Furthermore, the Government sent a letter on June 24, 2008 to the arresting agency requesting that the arresting agency provide additional evidence, including access to Defendant's A-file, that the Government may introduce in its case-in-chief or that may be material to the defense. The Government has prepared and will produce additional discovery from Defendant's A-file as well as the audio tape of Defendant's deportation hearing prior to the motion hearing.

The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

**III**

**CONCLUSION**

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and compelling the Defendant to provide a fingerprint exemplar.

DATED: June 26, 2008.

                    Respectfully submitted,

                    KAREN P. HEWITT
                    United States Attorney

                    /s/***Rebecca Kanter***
                    REBECCA S. KANTER
                    Assistant United States Attorney
                    Attorneys for Plaintiff
                    United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr2030-L |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| MARIO OCHOA-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Ricardo Gonzalez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2008.

/s/ ***Rebecca Kanter***
REBECCA S. KANTER